**Clarence DAVIS, Plaintiff–Appellant,**

v.

**Carman SUTLEY, Dentist, Defendant–Appellee.**

**No. 09–55545.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 25, 2011.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Clarence Davis, Blythe, CA, pro se.

Elizabeth Angres, Esquire, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Defendant–Appellee.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Clarence Davis, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference in connection with his dental treatment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.

The district court properly granted summary judgment for defendant because Davis failed to raise a genuine issue of material fact as to whether defendant was deliberately indifferent in treating his dental pain. *See id.* at 1057. A difference in medical opinion about the preferred course of medical treatment does not constitute an Eighth Amendment violation. *See id.* at 1059–60; *see also Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir.1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim."). Moreover, a "showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi*, 391 F.3d at 1060.

Davis's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).